IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANCE DOUGLAS ROARK, | § | |
| BOP #76810-510, | § | |
| Movant, | § | |
| | § | Civil Action 3:26-CV-2363-D |
| VS. | § | |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

On July 14, 2026 movant Lance Douglas Roark ("Roark"), a federal prisoner at FCI-Seagoville, Texas, filed a petition for the redress of a grievance. Having reviewed the pleadings, record, and applicable authorities, the court dismisses the petition for lack of jurisdiction. Treating the pleadings as a motion to vacate sentence under 28 U.S.C. § 2255 or a habeas corpus petition under 28 U.S.C. § 2241, the court dismisses them for want of jurisdiction.

I

Roark was convicted by a jury of abusive sexual contact with a minor under 12 years old in Indian Country and intent to commit aggravated sexual abuse of a minor under 12 years old in Indian Country and was sentenced to 235 months' imprisonment on each count to run concurrently. *United States v. Roark*, 4:23-CR-262-GKF (N.D. Okla. May 17, 2024). The Tenth Circuit affirmed Roark's conviction. *United States v. Roark*, 140 F.4th 1280, 1287 (10th Cir. 2025). Roark then unsuccessfully moved to vacate his sentence under 28 U.S.C. § 2255, and the Tenth Circuit denied a certificate of appealability. *United States v. Roark*, 4:23-CR-262-GKF (N.D. Okla. Oct. 27, 2025) (No. 4:25-CV-423), *aff'd*, No. 25-5169, 2026 WL 850686, at *1 (10th Cir. Mar. 27, 2026).

Roark now petitions for the redress of a grievance, which asks the court to order his immediate release. He challenges in substance his underlying criminal conviction and prior rulings issued by the Tenth Circuit in his criminal case. He maintains that the federal prosecutions and his defense counsel used the federal courts to retaliate against him and conduct *ex parte* conferences that amount to "a de facto denial of [his] right to confront his accuser." He also appears to allege that he was unlawfully arrested from his home and asks the court to order the U.S. Marshal to "escort [him] back to the district [he] was kidnapped from."

II

To the extent that Roark's petition can be construed as challenging the legality of his underlying conviction and sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)). Such a collateral attack must be brought in the court that imposed the sentence. *See* 28 U.S.C. § 2255(a) (providing that a prisoner "may move the *court which imposed the sentence* to vacate, set aside or correct the sentence" (emphasis added)); *Cox v. Warden*, *Fed. Det. Ctr.*, 911 F.2d 1111, 1113 n.2 (5th Cir. 1990) ("[A] collateral attack of any alleged error that may be remedied under section 2255 must be brought before the sentencing court.").

By his pleading, Roark clearly questions the legality of his Oklahoma federal conviction. As such, his request is cognizable only in the United States District Court for the Northern District of Oklahoma, where he was sentenced. Moreover, because Roark has previously filed a § 2255 motion that was denied on the merits, he must first obtain authorization from the United States

Court of Appeals for the Tenth Circuit before he can pursue a successive § 2255 motion. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam). Roark has yet to do that. Accordingly, Roark's attempt to challenge the legality of his underlying sentence, construed as a § 2255 motion, is dismissed for lack of jurisdiction.

Likewise, if Roark seeks to file a habeas corpus petition under 28 U.S.C. § 2241, the court lacks jurisdiction to consider his petition. A § 2241 petition is the proper procedural vehicle for attacking "the manner in which a sentence is executed." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam) (quotations and quoted case omitted). A § 2241 petition is not a substitute for a § 2255 motion. *Jeffers*, 253 F.3d at 830. Indeed, a § 2241 petition that challenges errors that occurred at trial or sentencing must either be construed as a § 2255 motion or dismissed for lack of jurisdiction. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Even so, a prisoner may file a § 2241 petition "to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citations omitted). The Supreme Court recently held that the savings clause is limited to "cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court[.]" *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).

Roark does not invoke the savings clause in his pleadings. Even if he did, there is nothing either in the record or his construed petition that indicates unusual circumstances. In 2025 the convicting court denied Roark's § 2255 motion on the merits, and the Tenth Circuit affirmed. Apart from unsubstantiated allegations of retaliation and *de facto* denials, Roark does not allege, much less demonstrate, that it is impossible or impracticable to present his successive claims under § 2255 in the convicting court. He cannot rely on § 2241 merely because he cannot seek relief under § 2255. *Cf. Pack*, 218 F.3d at 453 (concluding that prior, unsuccessful § 2255 motion,

limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Roark has therefore failed to demonstrate that the remedy under § 2255 is inadequate or ineffective under the savings clause. *Id.* at 451. Thus the court lacks jurisdiction to consider his construed § 2241 petition.

III

Accordingly, Roark's petition is dismissed without prejudice for lack of jurisdiction**.** Treating his petition as a motion to vacate sentence under 28 U.S.C. § 2255 or a habeas corpus petition under 28 U.S.C. § 2241, the court dismisses them without prejudice for want of jurisdiction.[1]

**SO ORDERED**.

August 5, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE

[1] Because a § 2255 motion is cognizable only in the convicting court in the Northern District of Oklahoma, this court need not issue a certificate of appealability ruling here.